JAMES M. PEPPER, p. b. a. *vs.* BENIAH W. WARREN, d. b. a.

Sussex County, April Term, 1896.

**Justice of the Peace. Jurisdiction.**—In an appeal from a Justice of the Peace the jurisdictional facts necessary to establish the right of appeal must appear on the transcript of the record.

**Same. Appeal.**—The word "disallowed" in the act providing for appeals from Justices of the Peace, will include a case in which the plaintiff has failed to

Statement.

prove any sum whatever, but the transcript must show a claim of more than five dollars.

**Justice of the Peace. Appeal.**—Where a judgment of nonsuit was entered by a Justice of the Peace in an action for a penalty for removing or altering landmarks, and the record of the Justice did not show any amount claimed, an appeal will be dismissed, although the appeal would lie in such case if the record showed the disallowance of a claim exceeding five dollars.

This was an appeal taken from a finding in the case below by Isaac I. Smith, one of the Justices of the Peace in and for Sussex County.

*J. M. Richardson,* for the respondents, made a motion that the appeal be dismissed, on the ground that it was taken to the Superior Court from a nonsuit rendered by a Justice of the Peace, and did not come within the statute which gives said Court jurisdiction in appeals from judgments rendered by Justices of the Peace. Rev. Code (1893) 754. He contended that according to the statute there must be a judgment for an amount exceeding five dollars, exclusive of costs, in order that the party may take an appeal to the Superior Court. Here the plaintiff was nonsuited, and then appeals to this Court. A judgment of nonsuit is purely and simply a finding of no cause of action; no suit. The statute provides in that case that the Justice shall render a judgment for the defendant for costs. The construction uniformly placed upon the statute by the bar of Sussex County had been that there must be a judgment exceeding five dollars, in order to entitle the party to an appeal to the Superior Court, or else a distinct disallowance of that amount; if construed otherwise the object of the statute would be defeated. The record does not show that a demand for any amount was made, and therefore there could be no disallowance.

*R. C. White,* for the appellant. This action was brought under Section 1, page 56 of the Revised Code (1852), which imposes a penalty of fifty dollars. While an omission to state the

amount would be fatal upon *certiorari*, yet in an appeal, the Court will take cognizance of that statute. The Court will not dismiss an appeal upon any formal defects in the record of the Justice, but will hear it upon its merits.

GRUBB, J., delivered the opinion of the Court.

In this case in which a motion is made to dismiss the appeal, the transcript of the Justice which is before us, on which the appeal is based, shows the cause of action to be, "for removing landmark under Section 1, Chapter 56 of Revised Code of the State of Delaware of 1852, as amended, etc., in the Code of 1893." The language of the section referred to in the Justice's transcript is as follows:

"SECTION 1. No person shall cut, fell, alter or remove any boundary tree or other landmark, nor shall any person, without lawful authority, mark any boundary tree upon any land not his own, under penalty of forfeiting fifty dollars to the party wronged."

While the transcript before us shows that the action was for removing a landmark under that section of Chapter 56 of the Revised Code, it fails to show what the sum demanded was, or that any sum whatever was claimed or demanded by the plaintiff. It is true that the statute referred to entitles the party wronged to recover upon suit under said statute the sum of fifty dollars, but in order to recover that amount he must claim it; and it is not shown affirmatively by the record that he ever claimed fifty dollars or any other amount.

Section 24 of Chapter 99 of the Revised Code, in relation to the jurisdiction of Justices in civil cases of debt, prescribes the grounds upon which this Court may take jurisdiction by appeal of cases before a Justice of the Peace, the language of said Section being as follows: "Appeals shall be allowed from judgments given by Justices of the Peace to the Superior Court as follows: First, from every judgment given by the Justice, without referee trial, in an amount exceeding five dollars, exclusive of costs, the person against whom such judgment shall be given may appeal; or in

case any part of the plaintiff's demand, or of the defendant's counter-claim or set-off, exceeding five dollars, is disallowed (or defalked) by the Justice, such plaintiff, or defendant, may appeal."

The Justice's transcript shows and sets forth the following:

"And now to wit, this nineteenth day of July, A. D. 1895, after having heard the parties, plaintiff and defendant, their proofs and allegations and arguments of counsel, and after having given the matter at issue full and deliberate consideration, I do hereby nonsuit the plaintiff in this action and give judgment against the plaintiff for the sum of $3.40 costs of suit." Signed, Isaac I. Smith, J. P.

The question before us is, whether this Court has jurisdiction of this case by appeal. The counsel moving for the dismissal of this appeal has taken the ground that under the provisions of the statute which I have read, this Court cannot take jurisdiction of an appeal from a judgment of nonsuit. This transcript shows that " I do hereby nonsuit the plaintiff in this action and give judgment against the plaintiff for the sum of $3.40 costs of suit."

The question is, whether under the second clause of Section 24, of Chapter 99, viz.: " Or in case any part of the plaintiff's demand, or of the defendant's counter-claim or set-off, is disallowed (or defalked) by the Justice, such plaintiff, or defendant, may appeal; the question, I say, is, whether this transcript shows that the Justice disallowed a claim of the plaintiff, in the suit below, exceeding five dollars. That is, whether he disallowed that within the meaning of this statute.

Upon careful investigation of this statute since the hearing last night, we have discovered that that the words " or defalked " were added to and inserted immediately after the word " disallowed " by the provisions of Chapter 225, Sec. 2, Vol. 11, Laws of Delaware. So that in interpreting the meaning of the word " disallowed," we must construe it in connection with the words " or defalked," which were added by that amendment. (About the year 1857 I think it was that the amendment was made). The meaning of " defalked " is a lopping off, or a reduction, to some

extent, of a claim which is proved, whether it be from a claim made and proved by the plaintiff, or from a set-off made and proved by the defendant. The word "defalked" implies proof of an alleged claim, proof of some amount from which the defalkation is to be made.

The word "disallowed" will, in our judgment of this statute as thus amended, include a case where the plaintiff has failed to prove any sum whatever. It is broad enough to include a case where the Justice of the Peace has arrived at the conclusion that the plaintiff has not proven anything at all, not established and maintained his suit. Under such circumstances he could give a judgment for costs in favor of the defendant and against the plaintiff, and in our opinion it would be a valid judgment.

Taking this transcript of the record in which he gives judgment for costs, against the plaintiff, there is enough upon that to import, to our satisfaction, that that was a judgment in favor of the defendant for costs. He calls it a judgment against the plaintiff, but it is a judgment in favor of the defendant for costs. In giving a judgment in favor of the defendant for costs, he necessarily refused to give a judgment to the plaintiff for any specified amount (if he had actually specified any sum), and therefore he disallowed the plaintiff's claim, whatever it was; and where the Justice disallows a claim and renders a judgment for costs in favor of the defendant, we consider that it is a disallowance within the meaning of said provision of Section 24 of Chapter 99, and that in such case an appeal would lie to this Court from the Justice of the Peace. So that where it may appear to our satisfaction—that is, sufficiently in legal contemplation—that the plaintiff has stated the amount of his claim in his cause of action before the Justice and the Justice after hearing the proofs and allegations on both sides has rendered a judgment in favor of the defendant for costs, and thus rejected the claim of the plaintiff, in the language of the statute, disallowed his claim, to an amount exceeding five dollars; in such case an appeal will lie to this Court.

But even admitting that the appeal would lie if these jurisdic-

tional facts essential to our taking jurisdiction of the case by appeal were sufficiently presented to us by the transcript, yet in this case the question arises, whether the jurisdictional fact that the Justice disallowed a claim of the plaintiff exceeding the sum of five dollars is sufficiently presented to us by this transcript; that is, is there enough in this transcript to sufficiently satisfy us, in law, that there was a claim for a sum exceeding five dollars, before the Justice, and that that claim was disallowed.

The transcript, as stated at the outset, alleges that the cause of action was for removing a landmark, under Section 1, Chapter 56 of the Revised Code; but it does not show affirmatively that the plaintiff claimed the penalty allowed by statute. In our judgment, it must appear to our satisfaction that he claimed the specific penalty to which he would have been entitled under the law, if he had established the facts; that is, of removing the landmark, under that section. The transcript does not show it affirmatively and expressly, although the law requires that the Justice shall enter on his docket the sum demanded as well as his cause of action. Our jurisdiction rests upon the showing of the transcript. It is brought here to show to us that there is such a case as we may take jurisdiction of.

The Justice disallowed the plaintiff's claim ; but did he disallow it because the plaintiff did not claim the exact amount of the penalty specified by the statute, or because he claimed a sum not exceeding five dollars, or because he did not prove the removal of the boundary-mark, for the removal of which the law allows him, if wronged thereby, the said prescribed penalty. The transcript does not show that he claimed the penalty of fifty dollars as prescribed by the statute.

You may assume that he would not have brought his action unless he had intended to claim the penalty; but in pleading a man must not only state his cause of action, but also the sum to which he claims he is entitled, as well as prove it. We think in this matter of appeals that we should require it to appear affirmatively that a sum exceeding five dollars was claimed and disallowed before

we can take jurisdiction of the appeal. It is a jurisdictional fact to be shown to the satisfaction of the Court before it takes jurisdiction by appeal under this statute. It is such a fact as should not be left to mere presumption or conjecture.

An appeal from a Justice of the Peace is not a common law right; it is a statutory right; and we think it is the duty of the person bringing the appeal to show affirmatively that jurisdictional fact to our satisfaction, to present it by facts appearing on the transcript, from which we may reasonably infer it.

In this case we do not think that we can justly presume that he claimed the penalty he was justly entitled to, unless he averred that he claimed it and stated the precise sum which he claimed.

We therefore give judgment for the appellee, the respondent in this cause, for costs, and order that the record be remitted to the Justice.

CHIEF JUSTICE LORE, who is now absent, concurs with JUDGE MARVEL and myself in the view that an appeal will lie to this Court from a judgment of a Justice, like the present one, against the plaintiff and in favor of the defendant for costs of a suit before him; but he considers that in appeal cases from a Justice of the Peace the Court is not concluded by the transcript, but should inquire into the fact of jurisdiction dehors the record if there be any doubt.